UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EUGENE F. DIX                                CIVIL ACTION

VERSUS                                       NO: 11-1376

GREGORY LONGINO, WARDEN                      SECTION: J-2

**ORDER**

Before the Court is Plaintiff's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 **(Rec. Doc. 13)**, alleging that the Bureau of Prisons did not properly credit Plaintiff with time served in federal custody before his sentence was imposed.

**I. Background**

On August 15, 2001, plaintiff pleaded guilty to conspiracy to traffic cocaine before this Court. Dix was sentenced to 36 months imprisonment beginning in May of 2002, followed by four years of supervised release.

Subsequently, in April, 2007, a warrant was issued for Mr. Dix's arrest, alleging that he had violated the conditions of his

supervised release.  The warrant was held in abeyance while Mr. Dix faced unrelated state court charges.  On March 16, 2010 Defendant pled guilty to two counts of felony theft in the 24th Judicial District Court for Jefferson Parish, Louisiana, for which he was sentenced to two five-year terms of imprisonment to run concurrently with each other and with his federal sentence. Three days later, in the same court, he pled guilty to possessing a firearm while in possession of a controlled substance, in violation of La. R.S. 14:95(E), in violation of La. R.S. 14:67.10. Dix received a sentence of five years imprisonment as to all counts, to be served concurrently with his prior sentence. The sentencing judge also clarified that his two sentences were to run concurrently and "coterminous" with any federal sentence he may receive.

These state court convictions served as the basis for the violation of Dix's terms of supervised release.  A United States Magistrate Judge issued a  writ of habeas corpus ad prosequendum for Dix on April 9, 2010, ordering the Jackson Parish Correctional Center to surrender Mr. Dix to the United States Marshal on or before May 3, 2010. Dix was actually tendered to the United States on April 16.  On June 3, 2010, the Court

2

revoked the term of release and remanded Dix to the custody of the Bureau of Prisons for a term of 21 months, to run concurrently with his state sentences. Dix was thereafter transported to the federal tier in St. Tammany Parish jail to serve his sentence.

Dix contends that he was improperly denied credit for time served from April 16 to June 3rd of 2010. He prays that this Court order the Bureau of Prisons to recalculate his Federal Sentence to credit him with this period of detention, thus moving his release date forward 49 days.

## II.  Discussion

18 U.S.C. § 3558 provides the limited circumstances in which a prisoner may receive credit for time served prior to the date of his federal sentence. However, credit for time served is to be calculated and awarded by the Attorney General, through the Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Rorex, 142 F. App'x 808, 808-09 (5th Cir. 2005) ("[T]he district court did not err by refusing to award [defendant] credit for time served in state confinement because the Attorney General, through the Bureau of Prisons, determines what credit, if any, will be awarded to prisoners for

3

time spent in custody prior to the commencement of their federal sentences."). Thus, a court may review a claim relating to the computation of a sentence only after the defendant exhausts his administrative remedies through the Bureau of Prisons. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); see also United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons.").

Here, Dix has presented no evidence or argument that he has exhausted his administrative remedies with the BOP before filing this motion, which normally would preclude judicial review. The Government, however, has failed to oppose his petition or argue that he failed to exhaust his administrative remedies. Courts have recognized that, because the requirement of exhaustion of administrative remedies is not a jurisdictional prerequisite, a petitioner's failure to exhaust will not preclude judicial review where the Government fails to raise an objection. See U.S v. Woods, 888 F.2d 653, 654 (10th Cir. 1989); Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds* by Reno v. Koray, 515 U.S. 50, 54-55 (1995); Rodriquez v. Lamer  60 F.3d

745, 747 (11th Cir. 1995); U.S. v. Davis, 763 F. Supp. 638, 639-40 (D.D.C. 1991); see also Granberry v. Greer, 481 U.S. 129, 132-34(1987) (state may waive exhaustion requirement in federal habeas corpus action under 2254).  Accordingly, the Court may examine the merits of Dix's petition.

28 U.S.C. § 2241 allows a prisoner to challenge the prison administrator's calculation of his sentence's duration to the extent that it is "in violation of the Constitution or laws or treaties of the United States."  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  18 U.S.C. § 3585, in turn, governs the calculation of a term of imprisonment.

Under 18 U.S.C. § 3585(a), the earliest date a federal sentence may commence to run is the date it is imposed – even if it is to run concurrent with a previously imposed term. United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).  Only under limited circumstances may a defendant receive credit for time served prior to the commencement of his federal sentence. Specifically, a defendant is entitled to receive credit toward his term of imprisonment for time spent in official detention prior to the commencement of his sentence only when that time "has not been credited against another sentence." 18 U.S.C. §

5

3585(b).  The Supreme Court has explained that this statute makes clear that a defendant cannot receive "double credit for his detention time." Wilson, 503 U.S. at 337.

Generally, the sovereign which first arrests an offender has primary jurisdiction over the offender, unless and until that sovereign relinquishes its primary jurisdiction over him by dismissing the charges, releasing the prisoner on bail or on parole, or the expiration of his sentence. United States v. Cibrian, 374 Fed. App'x. 524, 529 (5th Cir. 2010); Weekes v. Fleming, 301 F.3d 1175, 1180 (10th Cir. 2002).  The Fifth Circuit has clearly held that when a state prisoner is on "loan" under a federal writ of habeas corpus ad prosequendum, the state does not relinquish its primary jurisdiction over the prisoner. Causey v. Civilette, 621 F.2d 691, 693 (5th Cir.1980); see also Phillips v. Kaiser, 47 Fed. App'x. 507, 511 (10th Cir. 2002)(explaining that the state retained primary jurisdiction over prisoner even when he was on supervised release for a federal conviction at the time of his arrest by state authorities).  Thus, while it may understandably appear to a defendant that he is actually in federal custody, he technically remains in state custody while awaiting federal prosecution and sentencing under a writ of

6

habeas corpus ad prosequendeum.

The Fifth Circuit has held that a defendant may not receive credit towards a federal sentence for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum if that time was credited towards his state sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972); Howard v. United States, 420 F.2d 478, 480 (5th Cir. 1970).

In this case, Dix was not actually in federal custody as he alleges, but was instead still under state custody when he was "borrowed" from the Jackson Parish Correctional Center pursuant to the federal writ.  He has not alleged in his petition that he did not receive credit against his state sentence for the 49 days he was on loan prior to his federal sentencing.  Although the Court acknowledges the theoretical possibility that state officials may have refused to credit this time towards the completion of his state sentence, Mr. Dix has offered no evidence to suggest that this was the case.  As petitioner, Dix bears the burden of establishing that he is entitled to credit for any time served prior to the date his federal sentence commenced.  The Court is not permitted to infer such evidence based solely on

petitioner's allegations, or the fact that the government has failed to oppose petitioner's motion.

### III. Conclusion

Accordingly, for the foregoing reasons, Petitioner Dix's petition is **DENIED**.

New Orleans, Louisiana, this 12th day of October, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE